**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

May 5, 2022

Richard E. Berl, Jr., Esquire
Hudson, Jones, Jaywork & Fisher, LLC
34382 Carpenter's Way, Suite 3
Lewes, DE 19958

Arthur D. Kuhl, Esquire
Reger Rizzo and Darnall LLP
1521 Concord Pike, Suite 305
Wilmington, DE 19803

RE:  *Little River Landing LLC v. Allstate Vehicle and Property Insurance Co.*, C.A. No. 2021-0012

Dear Counsel:

This matter involves a Defendant insurer (the "Insurer") which issued a policy of insurance for a dwelling on real property in Kent County, owned by the Plaintiff LLC (the "LLC"). Unfortunately, and presumably mistakenly, the Insurer issued the insurance in the name of the sole member of the LLC, and her husband, who do not own the property. The member paid premiums on the policy monthly. The structure burned; the LLC sought its benefits, and the Insurer denied coverage. This action, in part, seeks an equitable reformation of the policy, which, again, purports to provide coverage to non-owners, rather than the owner, the LLC. According to the complaint, the Insurer knew or had reason to know the identity of the true owner of the property. The Complaint seek relief on a variety of grounds, but a reformation of the contract is, presumably, a predicate for each. The Insurer moved for dismissal under Rule 12(b)(6), on the ground that the Complaint did not state a cognizable

claim for reformation. The Master recommended denial of the motion in a final report dated August 31, 2021; the Insurer has taken exceptions, which I address in this Letter Opinion.

I have reviewed the Master's well-reasoned final report, together with the briefing of the parties. The issues are legal ones, not factual, and I may do a review on the record—which at this pleading stage is not in dispute—to fulfill my duty to consider these issues on exception, under *DiGiaccobe v. Sestak*.[1]

Upon review, the Master's conclusion that the Motion to Dismiss should be denied is manifestly correct as a matter of law. Accordingly, the Insurer's Exceptions are DENIED. It is so ordered. Additionally, in the interest of litigants' and judicial economy, any future exceptions to interlocutory Master's Reports or orders in this matter, if timely filed by a party, are stayed pending a final recommendation by the Master.

To the extent to forgoing requires an order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

cc:    All counsel of record (by *File & ServeXpress*)

---

[1] 743 A.2d 180 (Del. 1999).